Civil Action No. 7:25-cv-00443

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## MCALLEN DIVISION

ANGEL ADALBERTO ALANIS JR.,

    Plaintiff,

v.

OFFICER ANTHONY LOZANO, *et al.*,

    Defendants.

Civil Action No. 7:25-cv-00443

## NOTICE OF FILING THIRD AMENDED COMPLAINT

## PURSUANT TO RULE 15(a)(1)(B)

## AND ALTERNATIVE MOTION FOR LEAVE TO AMEND

### NOTICE OF AMENDMENT

Plaintiff Angel Adalberto Alanis Jr., proceeding *pro se*, hereby files his Third Amended Complaint (attached as **Exhibit A**) pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

On December 11, 2025, Defendants filed motions to dismiss under Rule 12(b)(6). Under Rule 15(a)(1)(B), Plaintiff has 21 days from service of a Rule 12(b) motion to amend as a matter of course. The 21-day period expired on January 1, 2026—a federal holiday (New Year's Day). Under Rule 6(a)(1)(C), when the last day of a period falls on a legal holiday, the period continues until the next day that is not a Saturday, Sunday, or legal holiday. When Plaintiff attempted to file on January 2, 2026, the courthouse was closed. Under Rule 6(a)(3), when the clerk's office is inaccessible on the last day for filing, the deadline extends to the first accessible day that is not a

1

Saturday, Sunday, or legal holiday. January 3–4, 2026 fell on the weekend, and this filing is made on January 5, 2026—the first accessible business day. This filing is therefore timely. The Third Amended Complaint is now the operative pleading, and the pending motions to dismiss (Docs. 23 and 24) are moot.

This Third Amended Complaint cures the pleading deficiencies that the McAllen Defendants raised for the first time in their motion—deficiencies they were required by this Court's procedures to identify to Plaintiff *before* filing. Had they complied with the conferral requirement, Plaintiff would have addressed these issues without court intervention.

To the extent the Court requires briefing on procedural arguments raised by the McAllen Defendants regarding prior amendments, Plaintiff addresses those arguments below. In the alternative, should the Court determine leave is required, Plaintiff moves for leave under Rule 15(a)(2).

## I. PROCEDURAL BACKGROUND

1. On September 10, 2025, Plaintiff filed his Original Complaint (Doc. 2). No Defendant had been served.

2. On October 20, 2025, Plaintiff filed his First Amended Complaint (Doc. 7). No Defendant had been served.

3. On October 31, 2025, Plaintiff filed his Second Amended Complaint (Doc. 13). No Defendant had been served.

4. On November 20, 2025, Defendants were served for the first time.

5. The McAllen Defendants never conferred with Plaintiff before filing their motion.

6. On December 11, 2025, two sets of Defendants filed separate motions to dismiss:

   - The McAllen Defendants (City of McAllen, Officer Rodriguez, and Officer Castillo) filed a Motion to Dismiss (Doc. 24) responding to the *First* Amended Complaint (Doc. 7). Despite never conferring with Plaintiff, their motion devotes nine pages to alleged

Rule 8 and Rule 10 deficiencies—precisely the "pleading deficiencies" this Court's procedures require parties to address through conferral before filing.

- The DA Defendants (Palacios and John Doe) filed a Motion to Dismiss (Doc. 23) responding to the *Second* Amended Complaint (Doc. 13), treating it as the operative pleading.

7. The Court now faces two motions to dismiss responding to two different complaints—a procedural posture created entirely by the McAllen Defendants' decision to contest which pleading is operative while simultaneously violating this Court's conferral requirements.

## II. THE MCALLEN DEFENDANTS' MOTION IS PROCEDURALLY DEFECTIVE AND MOOT

This Court's procedures require parties to identify pleading deficiencies and confer in good faith before filing a motion under Rule 12(b)(6), recognizing that such deficiencies are "often cured in whole or in part by a permissible amendment."

The McAllen Defendants did not confer with Plaintiff before filing their motion. Nevertheless, their motion devotes nine pages to alleged Rule 8 and Rule 10 deficiencies—precisely the type of issues the conferral requirement is designed to resolve without court intervention. Doc. 24 at 32–40.

Plaintiff has now timely filed a Third Amended Complaint as of right under Rule 15(a)(1)(B), curing those deficiencies. The motion does not address the operative pleading and is moot.

## III. THE MCALLEN DEFENDANTS' PROCEDURAL ARGUMENT FAILS

### A. Plaintiff's Rule 15(a)(1) Right Was Preserved Because Pre-Service Amendments Do Not Trigger the Rule's Time Limitations

The McAllen Defendants contend Plaintiff exhausted his "once as a matter of course" amendment right through pre-service filings. This argument fails under the plain text of the current rule.

### 1. The Current Rule Measures Deadlines from Service Events

Rule 15(a)(1) provides:

> A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after *serving* it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after *service* of a responsive pleading or 21 days after *service* of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1) (emphasis added).

The rule's triggering mechanism is *service*—not filing. Under subsection (A), the 21-day window runs from "serving" the pleading. Under subsection (B), the 21-day window runs from "service" of a responsive pleading or Rule 12 motion. Before service occurs, neither subsection's time limitation applies.

Here, Plaintiff's Original Complaint, First Amended Complaint, and Second Amended Complaint were all filed *before any Defendant was served.* No service event triggered Rule 15(a)(1)'s time limitations. The pre-service amendments did not fall within—and could not consume—Rule 15(a)(1)'s defined windows.

The first triggering event under Rule 15(a)(1)(B) occurred on December 11, 2025, when Defendants filed their Rule 12(b)(6) motions. Plaintiff has 21 days from that date to amend as a matter of course. This Third Amended Complaint is timely filed within that window.

### B. The McAllen Defendants Rely on Superseded Authority

The McAllen Defendants cite *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003), for the proposition that filing an amended complaint consumes the "once as a matter of course" right regardless of whether service has occurred. That case interpreted a materially different rule.

4

The pre-2009 Rule 15(a) stated a party may amend "once as a matter of course at any time before a responsive pleading is served." This operated as a termination model—the defendant's response cut off the plaintiff's right.

The 2009 amendments completely restructured the rule. The Advisory Committee Notes confirm: "The right to amend once as a matter of course *is no longer terminated* by service of a responsive pleading." Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment (emphasis added).

The 2023 amendments further clarified: "'No later than' makes it clear that the right to amend continues without interruption until 21 days after the earlier of the events described in Rule 15(a)(1)(B)." Fed. R. Civ. P. 15 advisory committee's note to 2023 amendment.

*Mathews* interpreted a rule with a different triggering mechanism that no longer exists. It does not control interpretation of the current rule.

## C. No Circuit Has Rejected This Textual Reading

In *United States ex rel. D'Agostino v. ev3, Inc.*, 802 F.3d 188 (1st Cir. 2015), the First Circuit explicitly acknowledged the argument Plaintiff advances:

> At oral argument, the relator's counsel disclaimed any reliance on a theory that service of the complaint is required to trigger the right to amend as of course under Rule 15(a)(1)(A). Accordingly, **we take no view on that theory**.

> *Id.* at 193 n.2 (emphasis added).

The First Circuit recognized this textual argument exists and expressly reserved judgment. No circuit has rejected the theory on the merits. The Fifth Circuit has not addressed whether *Mathews*' reasoning survives the 2009 restructuring.

## D. Pre-Service Amendments Implicate None of Rule 15's Efficiency Concerns

The 2009 Advisory Committee Notes explain the amendments were designed to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion."

5

Pre-service amendments implicate none of these concerns:

- No defendant had been burdened by service

- No responsive briefing had been filed

- No judicial resources had been expended

- No scheduling order was in place

Treating pre-service amendments as consuming the "once as a matter of course" right would punish plaintiffs for refining their pleadings before burdening defendants or the Court—the opposite of Rule 15's policy goals.

**E. The DA Defendants' Conduct Confirms the Operative Pleading**

The DA Defendants' Motion to Dismiss (Doc. 23) responds to the Second Amended Complaint (Doc. 13), treating it as the operative pleading. Their conduct confirms that post-FAC amendments are valid—directly contradicting the McAllen Defendants' position.

The Court cannot rationally entertain two motions to dismiss attacking two different complaints. The Third Amended Complaint resolves this inconsistency and permits all Defendants to respond to a single operative pleading.

## IV. ALTERNATIVE MOTION FOR LEAVE TO AMEND

Should the Court determine that Plaintiff's as-of-right amendment has been exhausted, Plaintiff alternatively moves for leave to amend under Rule 15(a)(2).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

6

None of these factors weighs against amendment:

- **No undue delay**: This motion is timely filed in response to the Rule 12(b)(6) motions. No scheduling order governs discovery or dispositive motion deadlines.

- **No bad faith**: Plaintiff's amendments reflect legitimate refinement of claims. The Third Amended Complaint specifically addresses pleading-deficiency concerns that the McAllen Defendants raised for the first time in their motion—concerns they were required to raise with Plaintiff through conferral before filing.

- **No prejudice to Defendants**: Defendants have filed no answer. No discovery has occurred. No depositions have been taken. Defendants lose nothing by responding to the Third Amended Complaint rather than an earlier version. Notably, the DA Defendants have expressly stated they have no objection to the amendment, confirming that it causes no undue prejudice.

- **Judicial economy demands amendment**: The Court currently faces two motions to dismiss responding to two different complaints. The Third Amended Complaint moots this dispute and permits all Defendants to respond to a single operative pleading. It also renders moot the McAllen Defendants' Rule 8 and Rule 10 arguments, eliminating the need for the Court to address pleading-deficiency issues that should have been resolved through conferral.

- **Amendment is not futile**: The Third Amended Complaint incorporates material developments since the earlier pleadings, including the December 17, 2025 habeas corpus ruling vacating Plaintiff's plea—eliminating any *Heck v. Humphrey* defense—and additional *Monell* evidence obtained through public records requests. The complaint states viable claims under 42 U.S.C. § 1983 for Fourth Amendment violations supported by detailed factual allegations.

Civil Action No. 7:25-cv-00443

## V. CONCLUSION

For the foregoing reasons:

(1) The Third Amended Complaint (Exhibit A) is timely filed under Rule 15(a)(1)(B) and is the operative pleading;

(2) The pending motions to dismiss (Docs. 23 and 24) no longer address the operative pleading and are therefore moot;

(3) Defendants shall respond to the Third Amended Complaint within 21 days pursuant to Rule 15(a)(3); and

(4) In the alternative, should the Court determine leave is required, Plaintiff requests leave to amend under Rule 15(a)(2) for the reasons stated in Section IV above.

## CERTIFICATE OF CONFERENCE

Pursuant to this Court's procedures, Plaintiff conferred with counsel for Defendants via email on December 30, 2025, regarding the alternative motion for leave to amend.

Respectfully submitted,

Angel Adalberto Alanis Jr.

1107 N Bethel St

Roma, TX 78584

*Pro Se* Plaintiff

Civil Action No. 7:25-cv-00443

## CERTIFICATE OF SERVICE

I certify that on January 5, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

Angel Adalberto Alanis Jr.

## CERTIFICATE OF WORD COUNT

Pursuant to Judge Tipton's procedures, Plaintiff certifies that this filing contains approximately 1804 words, as determined by the word-count function of the word-processing system used to prepare this document.

9